UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH A. BROWN,

    Plaintiff,

v.                                        Case No: 5:20-cv-51-Oc-39PRL

FNU BRYANT and R.C. CHEATHAM,

    Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Joseph A. Brown, a federal inmate proceeding pro se, initiated this action by filing a Bivens[1] complaint against the Warden and the Assistant Health Services Administrator of his correctional institution (Doc. 1; Compl.). Plaintiff moves to proceed in forma pauperis (Docs. 5, 11, 12) and requests an evidentiary hearing regarding exhaustion of his administrative remedies (Doc. 15).

In his complaint and supplement to his complaint (Doc. 2; Supp.), Plaintiff alleges he suffers from an eye condition that causes "rapid deterioration" and a "loss of coloring" around his pupils. Compl. at 2-3; Supp. at 3. In September 2019, Plaintiff had an appointment with the prison ophthalmologist, who concluded Plaintiff's symptoms were caused by high cholesterol. Supp. at 3.

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Plaintiff thereafter changed his diet, but his eyes continued to deteriorate and started to become painful.[2] Id.

Beginning in December 2019, when his eye pain began, Plaintiff submitted numerous medical-appointment requests, which were not approved. Id. at 3-4. Based on a conversation Plaintiff had with another inmate who claims to have had the same symptoms, Plaintiff fears he will become blind if he does not receive appropriate treatment, including surgery. Id. at 5. Since the filing of his complaint in February 2020, Plaintiff has notified the Court (Doc. 7; Notice) that he had an appointment with the eye clinic scheduled for the end of March, but because of an administrative issue, his appointment was canceled. Notice at 1. Plaintiff attempted to reschedule his appointment, though as of April 8, 2020, he had not been seen. Id. at 2.

Plaintiff names both Defendants in their official capacities. See Compl. at 1. He seeks solely injunctive relief, asking that Defendants be required to send him to an outside eye specialist and approve surgery to prevent "further loss of coloring" and extreme pain. Id. at 3; Supp. at 7.

Plaintiff is a three-strikes litigant under the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g). However, he seeks to proceed in forma pauperis (Docs. 5, 11, 12), invoking the

---

[2] Plaintiff also suffers from glaucoma for which he has received treatment since 2007. Supp. at 3.

imminent danger exception. Compl. at 1; Supp. at 6. Even if Plaintiff's allegations satisfy the imminent danger exception, his complaint is subject to dismissal under this Court's screening obligation because he fails to state a plausible claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B) (requiring a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted).

In Bivens, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority," violated the plaintiff's constitutional rights. 403 U.S. at 389, 397. See also Nalls v. Bureau of Prisons of U.S., 359 F. App'x 99, 101 (11th Cir. 2009) ("In Bivens, the Supreme Court concluded that injured plaintiffs can bring a private cause of action for damages against federal officers based on violations of constitutional rights.") (emphasis added). Thus, in a Bivens action, the appropriate remedy is monetary damages, not injunctive relief. See Carlson v. Green, 446 U.S. 14, 21 (1980) (recognizing Bivens extends damages remedies against individuals).

Because a Bivens action is meant to have a deterrent effect on federal actors who violate an individual's constitutional rights, the proper defendant is the individual corrections employee allegedly responsible for the harm. As such, under Bivens, as under 42 U.S.C. § 1983, "supervisory officials are not liable

3

. . . for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011). Additionally, a prisoner may not maintain an action against individual corrections employees in their official capacities. Id.

Because Plaintiff names Defendants in their official capacities and seeks solely injunctive relief, he fails to state a plausible Bivens claim. See id. Even if Plaintiff intended to sue Defendants in their individual capacities, Plaintiff does not attribute any conduct to Defendants that permits the reasonable inference they violated Plaintiff's constitutional rights. And, under Bivens, Defendants may not be held liable for conduct of their subordinates. Even more, Plaintiff fails to allege conduct by any prison employee that constitutes deliberate indifference. Assuming the prison ophthalmologist misdiagnosed Plaintiff, such conduct constitutes at most mere negligence, which is not actionable under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case

4

without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Joseph A. Brown